■ In the Matter of the Claim of ALICE W. ATWELL, Respondent, against CARMICHAEL MONUMENT Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. The employee became totally disabled August 20, 1948 from silicosis contracted in the course of his employment and died from this disease November 25, 1949. The carrier has paid the funeral expenses and the question is whether the carrier should be reimbursed for this expense by the Special Disability Fund. The statute (Workmen's Compensation Law, § 15, subd. 8, par. [ee], as added by L. 1947, ch. 431) provides that in a case of disability from silicosis or other dust disease not occurring before July 1, 1947, the carrier shall in the first instance pay all awards of compensation, and in the event of death all death benefits and funeral expenses, but shall be reimbursed from the Special Disability Fund " for all compensation * * * including funeral expenses and death benefits, subsequent to those payable for the first two hundred sixty weeks of disability and death benefits combined ". At the time of the employee's death and the payment of funeral expenses there had not been paid by the carrier 260 weeks

of compensation and death benefits combined. Appellant asked reimbursement of the funeral expenses and the board held that reimbursement of any kind, including funeral expenses, is not to be directed until after 260 weeks have run. We think the board is right in this view. Not until 260 weeks have fully run in which there has been payment of compensation or death benefits, and the funeral expense is thereafter paid, will a right to reimbursement accrue; and in practice this will usually be measured by the compensation payments, since the funeral bill and beginning of death benefits will be closely approximated. It seems reasonably clear that the right to reimbursement for either death benefits, with which funeral expenses are linked in the statute, or compensation payments depends upon the payment of all periodical amounts over the 260-week period. It is the "funeral expense" that is paid "subsequent to" the 260 weeks that, by the literal words of the statute, are reimbursable. All benefits in any category and compensation within that period are to be borne both originally and ultimately by the carrier. (Cf. *Matter of Albanese* v. *Anstice Foundry,* 4 A D 2d 890.) Decision affirmed, with costs to the Special Disability Fund. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.